ORIGINAL

①

Name Marcus D. Woodson

Address 6888 E. 133rd Rd-527852

Holdenville Ok. 74848

**FILED**

NOV 10 2011

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

Marcus D. Woodson, Plaintiff
*(Full Name)*

CIV-11-1349 M

CASE NO.
**(To be supplied by the Clerk)**

v. (5) (Ken Williamson)

(1) William Barlow (2) Leon Grizzle (3) Sgt Williamson
(4) Brian Wideman (5) Becky Adams, Counselor Lewis Defendant (s)
(6) Jo Cartwright (7) Kathy Miller
(9) CCA Corporate (10) Damon Hininger (11) Dr Richeld
(12) Sgt Riddle (13) J.W. Martin (14) Robert Ezell,
(15) Cole Goodson (16) Case Manager Carter, ET, All

** All Defendants are being Sued
Individually. **

**CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983**

✳ Jury Demand ✳

### A. JURISDICTION

1) Marcus D. Woodson, is a citizen of Oklahoma
*(Plaintiff)* *(State)*
who presently resides at 6888 E. 133rd Rd - Holdenville
Ok. 74848.
*(Mailing address or place)*
of confinement)

2) Defendant William Barlow is a citizen of
*(Name of first defendant)*
Oklahoma, and is employed as
*(City, State)*
Unit Manager - Training Officer-Sort Team. At the time the claim(s)
*(Posittion and title, if any)*
alleged in this complaint arose, was this defendant acting under color of
state law?  Yes ☐  No ☐.  If your answer is "Yes", briefly explain:
Jurisdiction is Invoked under 28.U.S.C. 1343(A) 3, And 28.U.S 1331
CCA under contract with the Oklahoma Dept of Corrections,
Headquarted in Ok. City Oklahoma.

(1)



3)   Defendant _Kathy Miller-Health Services Admin_ is a citizen of
*(Name of second defendant)*
_Oklahoma_____, and is employed as
*(City, State)*
_Health Services Administrator, BSN_ At the time the claim(s)
*(Position and title, if any)*
alleged in this complaint arose was this defendant acting under color of
state law?  Yes ☐   No ☐.   If your answer is "Yes", briefly explain:
_All defendants have acted And Continue to act under color_
_of State law At All times relevant to this complaint_

(Use the back of this page to furnish the above information for additional
defendants.)   _Additional defendants on back of this page._

4)   Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983.
(If you wish to assert jurisdiction under different or additional statutes,
you may list them below.) _Jurisdiction is invoked under 28 U.S.C. 1343 (A) 3_
_And 28 U.S. 1331. CCA is contracted through D.O.C_

## B. NATURE OF THE CASE

1)   Briefly state the background of your case. _Unconstitutional Conditions of Confinement_
_Marcus Woodson, the plaintiff in this matter is An inmate At Davis Correctional Facility_
_A privately operated through it's contract with ODOC) serving A sentence for Poss. of Contraband, And_
_Knowingly Concealing Stolen Property. Since my Arrival At DCF DCF officials have deliberately punished_
_and subjected offender Woodson to numerous deprivations without adequate due process of_
_law. Officials punished plaintiff maliciously And sadistically in a concerted effort to_
_provoke the plaintiff to justify the disproportionate punishment. Officials they interfered with the_
_grievance process by instructing the Grievance coordinator to not let plaintiff exhaust, knowing_
_that if plaintiff was to succeed in filing A grievance he would seek legal redress._
_So the official defendants subverted the grievance process by continuing to allege that_
_the plaintiff failed to follow policy, then specifically imposed retaliatory punishment upon_
_him by withholding plaintiff legal documents, by suspending plaintiff's property And they_
_holding plaintiff in DHU well beyond his sanctioned period And failing to afford the_
_plaintiff due process of law. Medical was deliberately indifferent to plaintiff's back_
_injury And unnecessarily delayed And denied the plaintiff treatment in An effort to_
_maintain cost. Defendants intentionally disregarded plaintiffs submissions for medical_
_assistance And caused plaintiff wanton And unnecessary infliction of pain. Defendants and other_
_high-level officials Are colluding in A continuing pattern of culpable failures by severe_
_deficiencies in staffing And supervision, And imposing cruel And unusual punishment_
_upon the plaintiff by use of excessive force with threats of use of chemical_
_Agents. Officials they limited plaintiff property by withholding it in retaliation for plaintiff_
_filing grievances. DCF Defendants authorized a system to deprive plaintiff of life liberty_
_and property with the clear intent to violate due process, by maintaining offender Woo_
_At Maximum security when his points Are 2 Assessed as medium security. Plaintiff v_
_deprived_ XE-2   7/93 _of his property without due process of law And prison officials deli_
_And intentionally colluded to carry out the deprivation. Plaintiff was Also subjected_

Additional Defendant's Cartwright of the state of Oklahoma



3) Defendant Kathy Miller- Health Services Admin is a citizen of
_____(Name of second defendant)

Oklahoma
_____, and is employed as
(City, State)

Health Services Administrator BSN At the time the claim(s)
_____
(Position and title, if any)

alleged in this complaint arose was this defendant acting under color of
state law? Yes ☐   No ☐.   If your answer is "Yes", briefly explain:
All defendants have acted and continue to act under color
of state law through thier contract with the Oklahoma Dept
of Corrections
(Use the back of this page to furnish the above information for additional
defendants.)  Additional defendants on next page

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983.
(If you wish to assert jurisdiction under different, or additional statutes,
you may list them below.) Jurisdiction is invoked under 28·U.S.C. 1343(A)
3 and 28·U.S. 1331· (CCA is under contract with the Oklahoma
Dept· of Corrections, Headquartered in Ok·City)

## B. NATURE OF THE CASE

1) Briefly state the background of your case.

to excessive and harsh restrictive punishement that was significant
and attypical, and denied the right to be heard before administrative action
was taken against him. Plaintiff was held for prolonged periods of
time in segregation behind a plexiglass shield and was not adequately
notified of any reviews for his release and is maintained on maximum
security limiting his freedom/restraind when plaintiff has a liberty interest
in remaining free from the harsh conditions of maximum confinement
Plaintiff confinement on max is indefinite, and the defendants have refused
to do proper and adequate reviews for plaintiffs release to lower security
even when the plaintiff has medium security points and never had
maximum security points to warrant maximum security placement
according to D.O.C. policy. Plaintiff is intentionally being held in level 1
status and tho he has requested numerous times to be promoted, unit
officials continue to refuse to do so, and forced to live with violent
offenders in 23-hour confinement when such an arrangement present
confrontational and life endangerment issues, and defendants recklessly
disregard plaintiffs request for single cell placement. Plaintiffs totality
conditions of confinement is unconstitutional and violates Plaintiff Civil Rights

XE - 2  7/93                                -2-



Defendant #③ Sgt. Riddle ___ is being sued individually And is a citizen of the State of Oklahoma. Defendant Riddle is a Security Sgt and participated in all events "directly" As Alleged to this defendant. Defendant Riddle was Also grossly negligent in Supervising his subordinates who commited Wrong Acts

Defendant #④ Becky Adams is being sued individually, And is a citizen of the State of Oklahoma, And is employed at Davis Correctional Facility As a Grievance Coordinator. Defendant Adams, After being of the numerous policy And constitutional violations, through the Informal Resolution or Grievance Process, failed to remedy the wrong, And colluded with the other defendant well After she had Knowledge. She is being sued individually

Defendant #⑤ Robert Ezell, is being sued individually. Mr Ezell is a citizen of the State of Oklahoma, And is employed by CCA And is the "Facility Head" of Davis Correctional Facility As its "Warden." Defendant Ezell was grossly negligent in supervising subordinates who commited these Acts which he Knew to be wrongful, Even After he had Knowledge of the wrong

Defendant #⑥ Brian Wideman is being sued Individually. Defendant Wideman is Employed by CCA And a Davis Corr employee As it's Chaplain, And is a Resident of the State of Oklahoma. is being sued individually. Defendant.

Defendant #⑦ Damon Hinniger is being sued individually. Defendant Hinniger is the C.E.O. of Corrections Corp of America, based in Nashville Tennessee. Defendant Hinniger created a policy, or custom under which unconstitutional practices occured, or Allowed the continuance of such unconstitutional policies, And or customs. Mr Hinniger is a citizen of the State of Tennessee

Defendant #⑧ J.W. Martin is being sued individually. Defendant Martin is Employed by CCA, And is a Deputy Warden, And a resident of the State of Oklahoma, And directly participated in all Acts directly As Alleged by this defendant Plaintiff

Defendant #⑨ Lesa Grizzle is being sued individually, And is a Resident of the State of Oklahoma, And is Employed by CCA As a Case Manger And participated in the unconstitutional Acts As Alleged by this Plaintiff

Defendant #⑩ Dr. Richeld is being sued Individually and is a resident of the State of Oklahoma. Defendant Richeld is a Contract Physician contracted by CCA as a provider of medical care to all offenders assigned to Davis Correctional Facility. Defendant Richeld exhibited deliberate Indifference to the rights of the Plaintiff and failed to provide plaintiff with adequate medical care and fail to act. on information indicating that unconstitutional acts were occuring

Defendant #⑪ Case Manager Carter, is being sued individually, and is a resident of the State of Oklahoma, and is employed as a Case Manager Defendant participated directly as alleged in the numerous unconstitutional violations.

Defendant #⑫ (½ Ken Williamson) Sgt Williamson is being sued individually, and is a resident of the State of Oklahoma and is employed as a Maximum Security Staff Sgt on the Maximum Yard at Davis Correctional Facility This defendant participated directly in the acts alleged by this Plaintiff and colluded with other defendants to carry out the illegal and unconstitutional acts

Defendant #⑬ Corrections Corp of America, operating as a Private Entity is being sued Individually. These defendants created a policy or custom under which unconstitutional practices occured and was allowed to continue, and that conditions existed that were unconstitutional, and this defendant fail to act. CCA is Headquartered in Nashville Tennesee.

Defendant #⑭ Jo Cartwright is being sued individually. Defendant Cartwright is employed by CCA as an Intake/Property officer and is a resident of the state of Oklahoma. Defendant Cartwright participated directly in the alleged unconstitutional violations and continued to act in this erroneous way even after she recieved information and had knowledge of her actions to be wrongful regarding the Plaintiff Property.

resident of the State of Oklahoma And is employed by CCA As A Correctional Counselor. Defendant Lewis participated directly in All Acts As Alleged by this Plaintiff. (6)

Defendant #(16) Cole Goodson, is being sued Individually And is A citizen of the State of Oklahoma And is employed by CCA As A Correctional CaseManager. Defendant Goodson participated directly in such Act As Alleged by the Plaintiff

Defendants (1) through (16), were Acting under color of State law And continue to Act under such At All times relevant to this complaint.

** Defendant Ezell has since retired from CCA, however Warden Wilkerson has been Assigned to replace him.



## C. CAUSE OF ACTION

1)   I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations:  (If necessary you may attach up to two additional pages (8½" x 11") to explain any allegation or to list additional supporting facts.)

A) (1)   Count **I**   Defendants Barlow, Riddle, CCA, Martin, Lewis and Martin, CCA's, Sgt. Williams Hininger confined the plaintiff under harsh and extreme 23.8 hour lockdown without affording the plaintiff adequate review for release and that said confinement was excessive and indefinite, in violation of his 8th and 14th Amendments Rights, under the U.S. Constitution. Plaintiff further states that his confinement was significant and atypical in both duration and degree, and the plaintiff is assessed medium custody, however, is confined under conditions that impose a significant hardship upon him within the correctional context. Plaintiff is isolated away from other human beings, escorted around in a black box that is used to punish maximum security offenders, and cause psychological damage and a detrimental pathological effect when such conditions are prolonged and indefinite. Defendants are failing to adequately review the plaintiff for release to medium security.

(2)   Supporting Facts:  (Include all facts you consider important, including names of persons involved, places and date. Describe exactly how each defendant is involved.  State the facts clearly in your own words without citing legal authority or argument.)

Plaintiff has medium security points, plaintiff is being detained at maximum security in violation of D.O.C. policy and is being subjected to cruel and unusual punishment. Plaintiff is confined under conditions that amount to solitary confinement, prohibited from human contact, held behind a plexiglass shield with the tray slot closed and not permitted cell to cell contact. Plaintiff has to exercise one hour a day in a small cage with nothing in it without a urinal, and the plaintiff has a liberty interest in avoiding indefinite confinement, where said confinement is punitive, no programs, and the the rules are not spelled out, and such tactics are implemented against the general population. Maximum offenders, including mace and chemical agents used in excessive amounts.

B) (1)   Count **II**   Defendants Barlow, Lewis, Riddle J.W. Martin, R. Ezell, CCA, Kathy Mi subjected the plaintiff to unconstitutional conditions of confinement, and restraint by holding the plaintiff in punitive segregation well beyond his allotted time in violation of any 14th Amendment rights to the U.S. Constitution by employing unconstitutional policies and practices and violating plaintiff's 8th Amendment rights were violated when he was excessively bodily restrained arbitrary without justification or hearing or periodical reviews and the defendants were deliberately indifferent to plaintiff's medical needs and back injury and extinguished plaintiff's ability to exhaust by failing to respond to the numerous grievances and allege that the plaintiff would have to accept the respon as is, and would not be allowed to appeal such to D.O.C.

(2)   Supporting Facts:

DCF officials think that they can do what they want without due process of law. Plain was held in disciplinary punitive segregation for excessively long periods of time intentionally and deliberately in retaliation by defendants Barlow, Lewis, Riddle Martin, Ezell. Plaintiff's placement on 2-25-11 resulted in his segregation placement and prior to placement, the plaintiff requested a wheelchair several times and made officials aware of his back problem. While being escorted to Fox Bravo Unit Plaintiff's legs gave out, and he collapsed. Plaintiff then was told numerous times to stand up and repeatedly informed officials that his legs could not move. Officials did not notify medical but instead, Warden J.W. Martin instructed officials to pick up the plaintiff and held him up, irregardless of the risk to further injury and possible paralyzation. Plaintiff's incident was recorded on audio recorder dated 2-25-11. Again on 3-11-11, officials came to plaintiff's cell door and told plaintiff that he had a medical appointment, and took him to satellite medical. Upon arrival at medical, officials never properly notified the plaintiff that he was being placed in Dill, and upon exiting medical, prison officials implemented an unplanned use of force. This incident was recorded also.

Defendants R. Ezell, T.W. Martin, and William Barlow, CCA

C) (1) Count III: fail to take corrective action to curb the known pattern of abuse and retaliation and harassment against the plaintiff by defendants Doyle and Lewis, Sgt Riddle and that such threats to plaintiff health and well being constituted deliberate indifference to plaintiff safety and contributed to caused plaintiff to be subjected to repeated placement in D.I.U. and being deprived of his legal property in violation of his 8th Amendment Right and 1st Amendment rights

(2) Supporting Facts: and Retaliation

Defendants Barlow, Riddle and Lewis, CCA, Martin Ezell, all participated in the continuous pattern of harassment and retaliation of the plaintiff. Plaintiff was written numerous to bogus disciplinary charges in an effort by the defendants to deliberately provoke the plaintiff to justify using force; such done maliciously and sadistically to retaliate and subject the plaintiff extreme isolation behind a plexiglass shield door without human contact and without adequate notice of any written charges or disposition of such. Plaintiff further requested the defendants to provide due process hearings in accordance with CCA and DOC policies. Additional claims attached to As 4(a)

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☑ If your answer Is "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a) Parties to previous lawsuit:

Plaintiffs: _____

Defendants: _____

b) Name of court and docket number _____

_____



c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

_____

d) Issues raised _____

e) Approximate date of filing lawsuit _____

f) Approximate date of disposition _____

XE - 2   7/93

(4a.) Count IV. Defendants Caplinger, Cartwright, Martin, Barlow, Riddle, Honeycutt deprived the plaintiff of his property without adequate due process of law. Plaintiffs 4th and 8th and 14th Amendment rights were violated when the defendants deliberately placed the plaintiff in segregation, and deprived him of his property before any findings of guilt on the misconducts or alleged offenses. Plaintiff property, including legal and civil and personal items were destroyed by set Cartwright without adequate due process of law or adequate justification for said deprivation, and plaintiff was provided with any post deprivation remedies.

4b) Supporting Facts: Plaintiffs property was taken from him and by the defendants in each placement in Administrative segregation, plaintiff was never provided a hearing prior to this deprivation nor had he been found guilty of any misconduct. Defendant Cartwright then destroyed all of plaintiff's canteen purchased items, without informing of such, she also deprived plaintiff of items which he legally bought and purchased, including several legal manuals and personal books and appliances. Plaintiff submitted (2) property claims to DCF officials which were not responded to by DCF and the Defendant.

(5a) Count V. Defendants Wideman, Ezell, Martin, CCA, Barlow, Riddle, Williams denied plaintiff the freedom to exercise his religion in violation of the first Amendment of the U.S. Constitution Free Exercise Clause. Plaintiff was denied communal worship of Islam and that the defendants systematically denied the plaintiff to hold Islamic services and purchase muslim oil and fragrances to sincerely practice the rites and rituals of his belief. The Plaintiffs 14th amendment rights were violated of Equal protection rights were violated when the defendants denied MAX and close custody offenders the right to attend and hold Islamic services for 2½ years in violation of RLUIPA Religious Land Use Institutionalized Persons Act.

5b) Supporting Facts: Plaintiff is a muslim inmate and since his confinement at DCF he has not been allowed to practice his religion in accordance with the tenets of Islam and the sincerity of his belief for approx 2½ years, and Defendants Wideman, and Ezell, Barlow, CCA, Riddle, Williams all colluded to deny the plaintiff and other muslim offenders halal food, fellowship prayer, communal worship and Islamic services in violation of the First Amendment. Plaintiff has since been denied to participate in Ramadan and plaintiffs muslim oil was destroyed by

(6a) Count VI Defendants Ezell, [redacted], Richild, Barlow, Riddle, Williamson, Honeycutt deliberately violated plaintiffs 8th Amendment rights by deliberate denying the plaintiff adequate outdoor exercise by disciplining the plaintiff outside of the disciplinary code or making up unwritten policy and regulations and using tactics that clearly violate established constitutional rights, and using these tactics to deny the plaintiff outdoor exercise, and that such amounts to little or no exercise; and deny the plaintiff the minimal of his civilized measures

6b) Supporting Facts: DCF officials have intentionally denied the plaintiff and maximum yard officials adequate outdoor exercise for well over 2½ years. DCF is understaffed and fails to have enough staff to operate daily and that such different staffing only has allowed all offenders to have 3 to five hours a week of outdoor exercise, and the conditions of confinement under which the plaintiff is confined is physically barbarous and involves the unnecessary and wanton infliction of pain that is grossly disproportionate to the severity of his crime.

(7a) Count VII Defendants Ezell, Martin, Richild, Barlow, Miller, Riddle, CCA, were deliberately indifferent to plaintiff serious medical needs. On 2-25-11 plaintiff, while being extracted from his cell by the defendants dutifully informed these officials that he has a degenerative disk in his back and would need a wheelchair. These officials then forced the plaintiff to walk under duress, and plaintiffs back went out and he collapsed on the sidewalk. Defendants refused to provide the plaintiff any medical attention.

7b) Supporting Facts:
On 2-25-11 plaintiff collapsed while being escorted from medical after a CT evaluation, which was performed by CMA Whitman.) Plaintiff requested that officials provide plaintiff with wheelchair. Present at the extraction where both defendant Barlow and defendant Martin. While walking to tox Bravo,

8



Count 8: Defendant Adams, Barlow, Ezell, Henninger, Brizzle deprived Plaintiff of Due Process by refusing to promote the offender as required by D.O.C. policy and maintaining the plaintiff in disciplinary status or excessive long periods of time without legitimate penological purpose except to punish offender Woodson excessively in violation of the 8th and 14th Amendment, And that the deprivations were significant and atypical serious enough to rise to the level of a Constitutional violations in violation of the 8th Amendment

8B Supporting Facts: Mr Woodson was subjected to excessive punishments through the use of an unconstitutional disciplinary process that fails to comply with the standards established in Wolf vs McDonell. Mr Woodson was not allowed to cross examine the charging officers in each of these misconducts, and plaintiff was subjected to biased hearing in violation of the Due Process Clause of the 14th Amendment and being held in segregation, deprived of all privileges and property, before and without justification And prior incident. Plaintiff made repeated requests to DCF and CCA officials to follow policy and D.O.C. procedures by completely Segregation Housing orders which DCF and CCA failed to do, and that said excessive confinement was significant And Atypical

Count 9: Defendant Adams violated Plaintiffs 14th Amendment right to due process of law, by allowing the defendants, et.al, to significantly thwart the grievance process by returning Plaintiffs grievances falsely alleging that the plaintiff did not Attempt Informal Resolution; An unchecked, unmonitored critical first step of the grievance process isn't held accountable to DCF Administration or CCA, Which denies the Plaintiff due process

9B Supporting Facts: The Informal Resolution process is being used by CCA As A first step requirement in order for the inmate to be able to utilize the grievance process. Defendant Adams does not log in these Informal Resolutions, Nor is there A procedure in place to ensure that prison officials do not thwart the plaintiff's Access to the grievance process be refusing to Answer the Informal Resolution within the mandatory 15-day time frame. The plaintiff cannot prove the Attempted resolution because the I R is not File Stamp nor dated when recieved by staff And to prevent the offender from filing, the grievance All the officer does is not respond, And the exhausted process is thwarted, because Defendant Adams returned Count grievances saying statesyou fail to Attempt resolution or Alleging that the plaintiff fail to state you time.

(Count 10A) Defendants Ezell Barlow, Henninger, Adams, Martin, CCA violated Plaintiffs 14th Amendment rights by holding him in maximum security placement when the plaintiff only has medium security points. Plaintiff is being held in a high security with harsh restrictions so removed from the ordinary prison life And that said treatment held no legitimate penological purpose except to impose a significant and Atypical hardship on the Plaint And in violation of the 8th Amendments (Cruel And Unusual Punishment)

Supporting Facts (10)B Plaintiff has been held indefinitely on maximum security without periodic review for release to lower security And has never been provided Adequate review to Address plaintiff's continued confinement on maximum security, 23 hour-lockdown status. Plaint is being deprived of his liberty without due process of law. Plaintiff Asserts that his classification And Assignment into segregation was Erroneous to begin with And that the offender plaintiff never had maximum security points to begin with, And that the liberty interest Arises from An expectation of CCA to comply with its contractor And D.O.C through its statelaw And policies. Plaintiff also has been deprived of his Earned "good-time" credits, without due process of law, And that such deprivation was significant and Atypical And is extending his length of stay in p

11.(A) Count #186 Defendants BAB document AR Filed 12/07/4/5 page 242 of 16 deprived (11) Plaintiff of his right to be heard, to be properly Notified, And the opportunity to be heard when it held several Adjustment reviews on the plaintiff intentionally to deprive the plaintiff of his Earned credit And goodtime right to maintain the plaintiff in disciplinary status when prison regulation is required that plaintiff be Notified at least 48 hours IN advance on such in violation of Plaintiff 8th Amendment rights to Due Process of Law

11.(B) Supporting Facts: The defendants, deliberately held Administrative Adjustment reviews and level demotions on the plaintiff without ever Notifying the plaintiff or giving the Plaintiff the right to be heard before a decision was reached, said actions were intentional meant to cause harm to the plaintiff by maintaining the plaintiff in harsh confinement And punitive segregation and disciplinary status And (ACABS) deprive him of his Earned credit

12.A Count # 12 Defendants, Cartwright, Barlow, Lewis, Ezell deprived Plaintiff of Constitutionally entitled property in violation of the ____ Amendment, when Plaintiff books, legal documents were forced to be destroyed when Plaintiff had ongoing criminal and civil appeals pending. Plaintiff's Religious oils were destroyed while plaintiff Administrative appeals were pending

12.(B) Supporting Facts: Plaintiff subscribed to Numerous magazines And legal organizations Plaintiff during unconstitutional placement in Segregation was deprived of several legal books and almost $300.00 in fuel items which the plaintiff purchased from the facility canteen. Plaintiff was forced to destroy Numerous magazines, and religious objects that he received through the mail and other additional property including, photographs and clothing. Plaintiff watch was also lost And Never replaced

13.A Count 13. Defendants Barlow, Goodson, Carter, Lewis, Martin, Ezell, Hinninger were deliberately indifferent And recklessly disregarded plaintiff safety on 9-26-11 when the plaintiff requested a cell move to prevent attack And officials failed to respond to the potential threat And danger that existed in violation of the 8th Amendment

13.(b) Supporting Facts: On 9-26-11 Plaintiff informed, numerous officials that there existed hostility And conflict between attacker And plaintiff And that this plaintiff needed to, by moved immediately to an Empty cell that was a few doors down, And that the defendants ignored plaintiff's requests due to lack of policy And procedure, in place to deal with each And where the prisoner was known to be Agressive, And that the defendants disregarded

14.(A) Count 14 Defendants Barlow, Riddle, And Carter, Lewis Goodson, Grizzle violated plaintiff First Amendment rights to Freedom of Speech And Free Exercise when the above officers Plaintiff was written several disciplinary bases for utilizing the grievance procedure, Plaintiff is suffering retaliation from Unit Team due to plaintiff involvement INSTITUTING legal claims against Numerous officials

14.(b) Supporting Facts: Plaintiff has been targeted by the defendants for Excessive punishment And Retaliation by the defendant for his continued filing of Administrative grievances Against DCF officials. Defendants use policy to abuse And maintain offender Goodson on maximum security when there exist No legitimate reason to do so, or for using the grievance process thru a chronology of events Aimed At Plaintiff

15.(A) Count 15 Defendants Adams, Barlow, CLA Plaintiff Right To Access to the courts by prison officials under the ____ Amendment is being violated by DCF officials, who photocopied plaintiff's complaint And distributed Numerous copies to their co-agents And they conspired together to prevent Plaintiff from filing said complaint with the Court.

15.(b) Supporting Facts: On 9--11, Plaintiff contacted E-Unit Clerk Carla Hoover, And submitted A disbursement disbursement to pay for 17 copies of the 14 original complaint pages, And provided these officials with a copy of the courts requirement for filing in which these officials state that they called the court Clerk And was told that the offender only needed 1 copy to begin his lawsuit, And the Court would order Additional copies As needed. Plaintiff's lawsuit was Not returned to him, And instead distributed to Numerous officials and their defendants



2)   I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C.

Yes ☐ No ☐ . If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

Plaintiff has Exhausted All Available Administrative remedies. The defendants, further significantly thwarked Plaintiff's Attempts by utilizing An unconstitutional practice by requiring the plaintiff to file A document called An Informal Resolution to Any staff At DCF. These documents Are Not Monitored, nor logged in Nor file stamped And dated, And if the C/o does not want the offender to seek Administrative Action, All that the C/o has to do is Not respond within the Mandatory time frame, And thwart the grievance process by being Non-Compliant with the time limit, which forfeits the offender right to file A grievance w/the Wardens Office.

1)   I believe that I am entitled to the following relief:

A)   Issue A declaratory judgement stating that: Defendant Kathie to provide Adequate
① Defendant Kathy Millers, Ezells, Hunningr, CCA's Actions, IN failing to provide Adequate Medical care, for the plaintiffs back violated And continue to violate, the plaintiffs Rights under the Eigth Amendment to the United States Constitution

② Defendant Ezell, Martin, Barlow, Hawkins, CCA, Carter, Goodson, Grizzls, Williamson violated plaintiff's rights of Due Process And Equal Protection of the Law under the 8th And 14th Amendment to the United States Constitution, when these defendants, Abused their power to intimately Maintain the plaintiff in Maximum security without Adequate justification, And deprived the plaintiff of his right to be heard before A properly convened Class ficaton Committee

③ Defendants Wideman, Adams, Ezell, Martin's Actions in denying plaintiff the right to practice his religion And restricting his beliefs by using un supported facts to deny Muslim offenders on Maximum security to hold religious serv and practice their sincerly held belief for 3 years violated And Continue to violate Plaintiffs First Amendment Rights under the U.S. Constitution.

_____          _____
Signature of Attorney (if any)          Signature of Petitioner

_____
_____
_____

(Attorney's full address and telephone number.)

④ Defendants Barlow, Ezell, Martin Riddle, Grizzle, Carter, Goodson ~~to provide plaintiff~~ subjected the plaintiff to punishment that was significant And Atypical and cruel And unusual in violation of the 8th Amendment of the US. Constitution when the plaintiff was Maintained in level I status without periodic review or due Process hearings

⑤ Defendant Jo Cartwright ~~to~~ deprived plaintiff of his property without due Process of law And ~~failed~~ to provide plaintiff with Adequate post deprivation remedy Even when the plaintiff (CONT ON BACK) sufficiently proved ownership of the items IN Accordance with policy

XE-2  7/93

b.) Issue An Injunction ordering the defendants Ezell, Barlow, Martin, staff from using force on the Plaintiff when these officials Know And ~~were~~ Aware that plaintiff has a severe back injury, ~~and~~ ━━━━━━━━━━━━━━━ ~~and~~ to refrain denying plaintiff needs of physical therapy, Access to wheelchair And single medical cell And continued treatment for pain And suffering

c.) Issue An Injunction ordering Defendant Cartwright to refrain from destroying plaintiffs property And to reimburse plaintiff in full for Every item she destroyed based upon An unconstitutional prison policy

D.) Issue An Injunction ordering Defendant Barlow, Grizzle, Goodson, Carter Ezell, to expunge All disciplinary convictions As a result of the unconstitutional disciplinary process described in the complaint, And finding him guilty of false And fabricated charges in which the plaintiff was not Allowed to be heard or cross examine the charging officer, such denying the plaintiff his due process rights under the 14th Amendment to the United States Constitution

E.) Issue An Injunction ordering Defendant CCA to properly train its Employees in Established Constitutional laws dealing in the Area of prisoners rights And due process, And prohibit the thrusting of untrained staff into positions for which these Employees Are not qualified to be in.

F.) Award Compensatory Damages in the following Amounts

1. $100.000, jointly And severally Against defendants Barlow, Ezell, Ada Kathy Miller, Dr Rieheld, Wideman, Carter, Goodson, Grizzle, Martin, Riddle And Williamson, CCA, Hininger, for imposing harsh And restrictive conditions of confinement upon the plaintiff And holding plaintiff excessively in punitive segregation for prolonged periods of time, denial of Adequate medical care And violating plaintiff due process Rights.

2. $50.000 jointly And severally Against defendants Barlow And CCA, Ezell, Hans, Grizzle Goodson Carter for the excessive punishment, including deprivation of liberty And Amenity, And emotional injury resulting from thier denial of due process in connection with Plaintiff excessive confinement in 23 hour lockdown states And failing to properly review plaintiff in Accordance with D.O.C policy for release to lower security Even when these defendants had Knowledge that the plaintiff never had maximum security points to be maintained in the harsh confinement

3. $250.000 jointly And severally Against defendant Barlow, Ezell, for the punishment And emotional injury resulting from thier denial of due process in connection with plaintiffs disciplinary proceedings And depriving the plaintiff of his right to be heard

4. $13.000.000, Against defendant CCA, for mental And Emotional injury in subjecting the plaintiff to harsh conditions of confinement And maintaining the plaintiff in punitive segregation for extended periods of time



STATE OF OKLAHOMA           )
COUNTY OF Hughes            )

Marcus D Woodson , being first sworn under oath, states that he/she signed the above
application and that the statements therein are true to the best of his/her knowledge and belief.

_____
Signature

Subscribed and sworn to before me this 19 day of April , 200 11 .

_____
NOTARY PUBLIC

My Commission Expires: 12/16/14

SHANDA R. KILGORE
NOTARY
# 10010406
EXP. 12/16/14
STATE OF OKLAHOMA
PUBLIC

(Compensatory Damages Co'nt)

And failing to notify plaintiff of prior placement and justification for doing
such even when they had full knowledge that they were in violation of state
law and D.O.C. policy by failing to complete segregation housing orders.

5.) $300.000 against defendants Ezell, Adams, Cartwright and Wideman
for intentional abuse and disregard of the grievance procedure, by severely
restricting and denying the plaintiff the right of free excercise of his religion
by destroying plaintiff Muslim artifacts and Religious oils by placing
an absolute ban on maximum inmates to attend and held religious
services in violation of the first Amendment. Plaintiff was further retaliated
upon by defendant Wideman who refused the plaintiff to attend and
participate in Ramadan and Id, because Chaplain Wideman refused to add
the plaintiff to the Ramadan list.

Grant Nominal Damages in the amount of $1 against each defendant
Grant any and other such damages the Court may deem
appropriate.





_____

*Attorney's telephone number*

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares (or certifies, verifies, or state) under penalty of perjury that he is the plaintiff in the above action, he has read the above complaint, and the information contained therein is true and correct. 28 U.S.C. § 1746. 18 U.S.C. § 1621.

Executed at _Davis Correctional Facility_ on _4-19-11_
               *(Location)*                                             *(Date)*

*(Original Signature of Plaintiff)*

7