IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS D. WOODSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-11-1349-D |
| v. | ) |
| | ) |
| WILLIAM BARLOW, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. §1983. In his Complaint, Plaintiff alleges violations of his constitutional rights, and with the Complaint Plaintiff has filed a Motion for Leave to Proceed *In Forma Pauperis*. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Motion be denied in accordance with 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the full $350.00 filing fee before being allowed to proceed in this action.

Title 28 U.S.C. § 1915(g), the "three strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

This provision does not preclude the filing of a civil action by a prisoner with "three strikes," but it eliminates the privilege of proceeding *in forma pauperis* unless the prisoner demonstrates the "imminent danger of serious physical injury" exception. If the "imminent danger" exception is not demonstrated, the prisoner with "three strikes" may still proceed in a civil action or appeal by paying the full amount of the filing fee.

Taking judicial notice of the Court's records and the public records of the United States District Court for the Northern District of Texas, Plaintiff has previously filed four 42 U.S.C. § 1983 actions in which the actions were dismissed for failure to state a claim for relief and/or as frivolous and/or for failure to exhaust administrative remedies (with a "strike"). See Woodson v. Garfield County Sheriff's Department, et al., Case No. CIV-05-778-T, United States District Court for the Western District of Oklahoma (Order entered August 23, 2005, Thompson, D.J.); Woodson v. Garfield County Sheriff's Department, et al., Case No. CIV-05-1204-T, United States District Court for the Western District of Oklahoma (Order entered December 28, 2006, Thompson, D.J., and Order Nunc Pro Tunc entered December 29, 2006, Thompson, D.J.); Woodson v. Casasanta, et al., Case No. CIV-96-49-J-BB, United States District Court for the Northern District of Texas (Order entered November 19, 1998, Robinson, D.J.); Woodson v. McLeod, et al., Case No. CIV-96-98-J-BB, United States District Court for the Northern District of Texas (Order entered December

8, 1998, Robinson, D.J.).[1]

It is clear from the Court's records and the public records of the Texas district court that Plaintiff is subject to the rule in 28 U.S.C. §1915(g) barring him from proceeding *in forma pauperis* in this action unless the exception set forth in the statute applies. In his Complaint, Plaintiff names 16 Defendants and alleges that he is being subjected to unconstitutional conditions of confinement, unconstitutional retaliatory measures, and other constitutional deprivations. However, Plaintiff has made no credible allegation that he is presently in danger of serious physical injury. Because Plaintiff has not demonstrated that he is in imminent danger of serious physical injury, the exception to the application of the "three strikes" provision in 28 U.S.C. § 1915(g) does not apply. Hence, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* should be denied and the action should be dismissed unless the filing fee is paid.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. # 2) be DENIED and that the cause of action be DISMISSED without prejudice unless Plaintiff pays the $350.00 filing fee within twenty (20) days from the date of any order adopting this Report and Recommendation. Plaintiff is

---

[1] Plaintiff's current incarceration results from his conviction for Possession of Contraband by Inmate after former conviction of two or more felonies entered in the District Court of Garfield County, Case No. CF-2005-837. Taking judicial notice of the record in Woodson v. Jones, Case No. CIV-08-726-R (Response, Doc. # 9, Exs. 3, 5), Plaintiff's sentence was enhanced due to two prior felony convictions entered in the District Court of Lubbock County, Texas, in 1989 and 1992.

advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___December 6th___, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___16th___ day of ___November___, 2010.

*[signature: Gary M. Purcell]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE