IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCUS D. WOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-1349-D |
| | ) | |
| WILLIAM BARLOW, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court for review of the Supplemental Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell on April 13, 2012 [Doc. No. 29]. Judge Purcell recommends that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 15] be denied. Plaintiff, who appears *pro se*, has filed a timely objection. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Upon consideration of Plaintiff's *pro se* filing, which is liberally construed, the Court discerns the sole objection is Plaintiff's contention that he has met the standard for issuance of a mandatory preliminary injunction that would require prison officials to provide appropriate medical treatment for a back condition diagnosed by magnetic resonance imaging (MRI) in October, 2011.[1] According to Plaintiff, the requested injunction would involve "taking the plaintiff to a suitable

---

[1] Plaintiff also asserted in his Motion that he is in danger of serious injury by other inmates. Plaintiff omits any reference to these allegations in his Objection. The Court only considers the specific objection made by Plaintiff, and does not consider these other allegations. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996) (only a specific objection preserves an issue for review).

doctor, and then carrying out the doctor[']s orders." *See* Pl.'s Objection [Doc. No. 30] at 4. Plaintiff argues that the physician's assistant at his place of confinement lacks "the training and knowledge to deal with the Plaintiff's medical condition and properly treat such." *See id*. at 4-5. Plaintiff believes he should be treated by "a back specialist." *See* Pl.'s Declaration [Doc. No. 16], ¶ 7.

Upon *de novo* consideration of this issue, the Court finds that Judge Purcell's analysis and conclusions are correct. Plaintiff seeks a type of "historically disfavored" preliminary injunction, for which a movant "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *See O Centro Espirita Beneficente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975-76 (10th Cir. 2004) (en banc), *aff'd sub nom.*, 546 U.S. 418 (2006). "Before a court may grant [a mandatory preliminary injunction], the movant must 'make a heightened showing of [all] four factors." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting *Attorney General v. Tyson Foods, Inc*., 565 F.3d 769, 776 (10th Cir. 2009)); *see also RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009). As the Court understands Plaintiff's arguments, the premise of his position regarding the merits of his § 1983 claim for medical care is that denying him treatment by a back specialist constitutes a constitutional deprivation. Generally, however, a prisoner's "contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation. The decision that a patient's condition requires a specialist is a decision about the patient's course of treatment, and negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment." *See Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (internal quotations omitted).

Here, the Court finds Plaintiff's allegations and evidence regarding the need for his medical condition and treatment to be evaluated by a back specialist are insufficient to show a likelihood of success on his Eighth Amendment claim for denial of medical care. Further, the Court concurs in

Judge Purcell's conclusions that Plaintiff's allegations are insufficient to establish irreparable harm or the remaining factors necessary to warrant a mandatory preliminary injunction.

IT IS THEREFORE ORDERED that the Supplemental Report and Recommendation [Doc. No. 29] is ADOPTED.  Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 15] is DENIED.

IT IS SO ORDERED this 29th day of May, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE